CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MARIA ISABEL CRESPO, *individually and*
*on behalf of others similarly situated,*

                *Plaintiff,*

-against-

83 02 GALICIA BAR REST INC (D/B/A
GALICIA BAR), JOSE MAYO, SEGUNDO
CALDAS, and MAURICIO SANCHEZ,

                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Maria Isabel Crespo ("Plaintiff Crespo" or "Ms. Crespo"), individually and on behalf of others similarly situated, by and through her attorneys, CSM Legal, P.C., upon her knowledge and belief, and as against 83 02 Galicia Bar Rest Inc (d/b/a Galicia Bar), ("Defendant Corporation"), Jose Mayo, Segundo Caldas, and Mauricio Sanchez, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Crespo is a former employee of Defendants 83 02 Galicia Bar Rest Inc (d/b/a Galicia Bar), Jose Mayo, Segundo Caldas, and Mauricio Sanchez.

2. Defendants own, operate, or control a restaurant and bar, located at 83-02 Northern Blvd, Jackson Heights, NY 11372, under the name "Galicia Bar".

3. Upon information and belief, individual Defendants Jose Mayo, Segundo Caldas, and Mauricio Sanchez, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Crespo was employed as a bartender at the restaurant located at 83-02 Northern Blvd, Jackson Heights, NY 11372.

5. At all times relevant to this Complaint, Plaintiff Crespo worked for Defendants without appropriate minimum wage compensation for the hours that she worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Crespo appropriately for any hours worked, either at the straight rate of pay.

7. Regardless, at all relevant times, Defendants paid Plaintiff Crespo at a rate that was lower than the required tip-credit rate.

8. Defendants' conduct extended beyond Plaintiff Crespo to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Crespo and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

10. Plaintiff Crespo now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Crespo seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Crespo's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant and bar located in this district. Further, Plaintiff Crespo was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Maria Isabel Crespo ("Plaintiff Crespo" or "Ms. Crespo") is an adult individual residing in Queens County, New York.

15. Plaintiff Crespo was employed by Defendants at Galicia Bar from approximately April 2016 until on or about March 20, 2023.

16. Plaintiff Crespo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a restaurant and bar, located at 83-02 Northern Blvd, Jackson Heights, NY 11372, under the name "Galicia Bar".

18. Upon information and belief, 83 02 Galicia Bar Rest Inc (d/b/a Galicia Bar) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 83-02 Northern Blvd, Jackson Heights, NY 11372.

19. Defendant Jose Mayo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jose Mayo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jose Mayo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Crespo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Segundo Caldas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Segundo Caldas is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Segundo Caldas possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Crespo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Mauricio Sanchez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mauricio Sanchez is sued

individually in his capacity as a manager of Defendant Corporation. Defendant Mauricio Sanchez possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Crespo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a restaurant and bar located in the Jackson Heights section of Queens.

23. Individual Defendants, Jose Mayo, Segundo Caldas, and Mauricio Sanchez, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Crespo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Crespo, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Crespo (and all similarly situated employees) and are Plaintiff Crespo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Crespo and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Jose Mayo and Segundo Caldas operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Crespo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Crespo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Crespo's services.

30. In each year from 2017 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Crespo is a former employee of Defendants who was employed as a bartender.

33. Plaintiff Crespo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria Isabel Crespo*

34. Plaintiff Crespo was employed by Defendants from approximately April 2016 until on or about March 20, 2023.

35. Defendants ostensibly employed Plaintiff Crespo as a bartender.

36. Plaintiff Crespo regularly handled goods in interstate commerce, such as alcoholic beverages, mixers, sodas, and other supplies produced outside the State of New York.

37. Plaintiff Crespo's work duties required neither discretion nor independent judgment.

38. From approximately April 2016 until March 20, 2023, Plaintiff Crespo has worked from approximately 8:00 p.m. until on or about 4:00 a.m., 3 days a week (typically 24 hours per week).

39. For approximately two to three times a year, Defendants required Plaintiff Crespo to work a double shift from approximately 4:00 p.m. until on or about 4:00 a.m.

40. Throughout her employment, Defendants paid Plaintiff Crespo her wages in cash.

41. From approximately 2017 until on or about December 2019, Defendants paid Plaintiff Crespo a fixed salary of around $120 per week.

42. From approximately January 2020 until March 20, 2023, Defendants have paid Plaintiff Crespo a fixed salary of around $150 per week.

43. For the approximately 2 to 3 times a year Defendants required Plaintiff Crespo to work the 12 hour double shift, Defendants paid her $80.

44. Defendants never granted Plaintiff Crespo any breaks or meal periods of any kind.

45. Plaintiff Crespo was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

46. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Crespo regarding overtime and wages under the FLSA and NYLL.

47. Defendants did not provide Plaintiff Crespo an accurate statement of wages, as required by NYLL 195(3).

48. Defendants did not give any notice to Plaintiff Crespo, in English and in Spanish (Plaintiff Crespo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

49. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Crespo (and all similarly situated employees) to work without paying her appropriate minimum wage as required by federal and state laws.

50. Plaintiff Crespo was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

51. Defendants' pay practices resulted in Plaintiff Crespo not receiving payment for all her hours worked, and resulted in Plaintiff Crespo's effective rate of pay falling below the required minimum wage rate.

52. Plaintiff Crespo and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

53. In violation of federal and state law as codified above, Defendants classified Plaintiff Crespo and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

54. Defendants failed to inform Plaintiff Crespo who received tips that Defendants intended to take a deduction against Plaintiff Crespo's earned wages for tip income, as required by the NYLL before any deduction may be taken.

55. Defendants failed to inform Plaintiff Crespo who received tips, that her tips were being credited towards the payment of the minimum wage.

56. Defendants failed to maintain a record of tips earned by Plaintiff Crespo who worked as a bartender for the tips she received. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57. Defendants paid Plaintiff Crespo her wages in cash.

58. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Crespo (and similarly situated individuals) worked, and to avoid paying Plaintiff Crespo properly for her full hours worked.

60. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Crespo and other similarly situated former workers.

62. Defendants failed to provide Plaintiff Crespo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63. Defendants failed to provide Plaintiff Crespo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

### FLSA COLLECTIVE ACTION CLAIMS

64. Plaintiff Crespo brings her FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65. At all relevant times, Plaintiff Crespo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

66. The claims of Plaintiff Crespo stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

67. Plaintiff Crespo repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Crespo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Crespo (and the FLSA Class Members), controlled the terms and conditions

of their employment, and determined the rate and method of any compensation in exchange for their employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71. Defendants failed to pay Plaintiff Crespo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiff Crespo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Crespo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

74. Plaintiff Crespo repeats and realleges all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiff Crespo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Crespo, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

76. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Crespo less than the minimum wage.

77. Defendants' failure to pay Plaintiff Crespo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

78. Plaintiff Crespo was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

79. Plaintiff Crespo repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants failed to provide Plaintiff Crespo with a written notice, in English and in Spanish (Plaintiff Crespo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

81. Defendants are liable to Plaintiff Crespo in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

82. Plaintiff Crespo repeats and realleges all paragraphs above as though fully set forth herein.

83. With each payment of wages, Defendants failed to provide Plaintiff Crespo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

84. Defendants are liable to Plaintiff Crespo in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Crespo respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Crespo and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Crespo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Crespo and the FLSA Class members;

(e) Awarding Plaintiff Crespo and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Crespo and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Crespo;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Crespo's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Crespo;

(j) Awarding Plaintiff Crespo damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiff Crespo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Crespo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Crespo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Crespo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Crespo demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

March 28, 2023

CSM LEGAL, P.C

By:     /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

catalina@csmlegal.com

March 13, 2023

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Maria Isabel Crespo

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:   *Ma. Isabel Crespo*

Date / Fecha:   13 de Marzo 2023

*Certified as a minority-owned business in the State of New York*